IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BROWN, | : | No.  4:05-CV-2156 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

### June 19, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 15, 2006, Magistrate Judge Smyser filed a Report and

Recommendation (doc.12) reviewing the appeal of the Commissioner's decision to

deny Plaintiff Robert Brown's ("Plaintiff") claim for Social Security Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act").

Magistrate Judge Smyser found that substantial evidence existed to support the

Commissioner's decision and recommended that the appeal be denied.

Objections to the Magistrate Judge's Report were due by June 1, 2006 and

1

to date none have been filed.[1]   This matter is now ripe for disposition.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

The Plaintiff filed an application for DIB on January 13, 2003 alleging

disability since February 9, 2002 due to discogenic disease of the lumbar spine

and peroneal neuropathy.  After an initial denial of his claim, Plaintiff requested

and was granted a hearing before an administrative law judge ("ALJ").  At the

hearing, the Plaintiff and a vocational expert ("VE") testified and the ALJ issued a

decision denying the Plaintiff's claims.

The Plaintiff thereafter filed a request for review of the ALJ's decision that

was subsequently denied by the Appeals Council, rendering the ALJ's decision the

final diecision of the Commisioner.  The Plaintiff filed an appeal of the

Commissioner's decision on October 21, 2006.  The Plaintiff contended that the

ALJ erred in 1) not having a medical advisor present at the hearing; 2) failing to

consider Plaintiff's impairments in combination; 3) failing to find the Plaintiff

fully credible; 4) failing to ask an important hypothetical question of the

vocational expert; and 5) failing to include a finding as to the number of hours that

the Plaintiff can sit or stand in an eight-hour day.  Magistrate Judge Smyser filed

---

[1] On May 31, 2005, the Defendant filed a letter (doc. 13) within which she waived the opportunity to object to the Report and Recommendation.

the instant Report and Recommendation (doc. 12) denying the appeal on May 15, 2006.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of reivew to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Our review of this case confirms Magistrate Judge Smyser's determination and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Magistrate Judge Smyser found that the ALJ did not err in failing to have a medical advisor present at the hearing. A medical advisor is not required to be present at the hearing, however an ALJ is required to seek an addtional medical opinion if the existing medical evidence is unclear. See Ferguson v. Schweiker, 765 U.S. 31, 37 (1985). Here, the burden is on the claimant to show that: (A)

evidence of nerve root compression characterized by neuro-anatomic distribution

of pain, limitation of motion of the spine, motor loss (atrophy with associated

muscle weakness or muscle weakness), acompanied by sensory or reflex loss and

positive straight leg raising test; or (B) spinal arachnoiditis; or (C) lumbar spinal

stenosis resulting in pseudoclaudication resulting in an inability to ambulate

effectively. See 20 C.F.R. pt. 404, subpt. P., app. 1, Listing 1.04. The ALJ found

that the evidence here was not complex, but was clear and substantial with respect

to Listing 1.04's requirements. We agree with Magistrate Judge Smyser's finding

that the medical evidence is not shown by the Plaintiff to have been unclear.

Second, Magistrate Judge Smyser found that the ALJ did not fail to consider

the Plaintiff's back and knee impairments, degenerative disc disease and peroneal

neuropathy in combination. The ALJ's discussion of the Plaintiff's medical

record, testimony, and daily activities show that the ALJ considered the Plaintiff's

various impairments in combination. Each impairment was discussed separately.

Moreover, the ALJ prefaced his analysis of the Plaintiff's impairments by stating

that he must determine "whether the claimant has an impairment or combination of

impairments which is severe." (Rec. Doc. 12 at 13). The ALJ further stated that

he must determine "whether the claimant has an impairment or combination of

impairments severe enough to meet or equal the requirements" of any listed

4

impairment. (Rec. Doc. 12 at 13).  These statements and the separate consideration of each respective impairment demonstrate that the ALJ fulfilled his statutory duty to consider the combined effect of the Plaintiff's impairments.

Third, Magistrate Judge Smyser found that there was substantial evidence to support the ALJ's finding that the Plaintiff was not fully credible.  The ALJ found that the record showed that the Plaintiff had a musculoskeletal condition that could cause some discomfort, but not to the degree alleged by the Plaintiff.  (Rec. Doc. 12 at 14).  The ALJ based his decision by noting that the Plaintiff's activities, including driving, visiting his mother for 45 minutes to an hour,  going to the Eagles club, painting, and walking for 10 miles contracdicted Plaintiff's testimony that he was in constant pain.  Moreover, he informed his physical therapist that he was able, albeit painfully, to complete all of this daily activities.  We agree with the Magistrate Judge's thorough and well-reasoned finding that there is substantial evidence to support the ALJ's finding that the Plaintiff was not fully credible.

Fourth, the Plaintiff contends that the ALJ erred by not including in the hypothetical to the vocational expert the Plaintiff's tesitmony regarding his constant pain and need to lie down during the day.  The Magistrate Judge found, however, that the ALJ did in fact include, in questioning the vocational expert, a hypothetical which incorporated the presentation of a hypothetical person in

constant pain.  The Magistrate Judge indicates that the record clearly established that such a person can not perform substantial gainful activity.  However, as we reiterated earlier, Magistrate Judge Smyser did not find the Plaintiff to be credible in his subjective assessment of his own pain, and therefore it is obvious that the Magistrate Judge did not rely on the answer to this particular hypothetical in rendering his decision.  As such, Plaintiff's complaint that the ALJ may have understated his complaints of pain in a particular hypothetical are of no moment, since the ALJ made a credibility determination that rejected its factual premise in any event.

Finally,  the ALJ found the Plaintiff to be capable of performing sedentary work requiring only occasional bending and reaching and no lifting.  The Plaintiff counters that the ALJ erred in not specifying the number of hours he could sit and stand, citing Social Security Ruling (SSR) 96-9p, which states that an "RFC assessment must be specific as to the frequence of the individual's need to alternate sitting and standing." 1996 WL 374185 *7.  However, SSR 96-9p notes that an RFC assessment of less than a full range of sedentary work  "does not necessarily equate with a decision of 'disabled.'" 1996 WL 374185 at *1. SSR 96-9p instructs that an ALJ must determine whether the claimant is precluded from performing past relevant work and further consider whether there is other work

6

available to the claimant in the national economy. The ALJ did precisely this and properly consulted a vocational expert to identify several jobs that could be performed by the plaintiff and that existed in significant numbers in the national economy.

Accordingly, our review of this case obviously confirms Magistrate Judge Smyser's determinations. Because we find no error in Magistrate Judge Smyser's Report and Recommendation (doc. 12), and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Magistrate Judge Smyser's Report and Recommendation (doc. 12) is ADOPTED in its entirety.

2.   The Plaintiff's appeal is DENIED.

3.   The Clerk is directed to close the file on this case.


John E. Jones III
United States District Judge

7